UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
HARRISON VARNES, individually and
on behalf of all others similarly situated,

                                 Plaintiff,

    v.

APPLE INC.,

                                 Defendant.
------------------------------------------------------------X

Case No.

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff, Harrison Varnes ("Varnes" or "Plaintiff"), individually and on behalf of all others similarly situated, for his Class Action Complaint against Defendant Apple Inc. ("Apple" or "Defendant"), based upon personal knowledge as to his own actions and based upon the investigation of counsel with respect to all other matters, complains as follows:

### I. INTRODUCTION

1. After suffering a cardiac arrythmia that led to a loss of consciousness, Plaintiff was implanted with an implantable cardioverter defibrillator ("ICD"). An ICD is a battery-powered device implanted in the chest which detects and stops arrhythmias. ICDs continuously check the heartbeat and will deliver an electric shock, if needed, to restore a regular heart rhythm.

2. Like an ICD, a pacemaker also helps control abnormal heart rhythms, but it uses frequent electrical pulses to induce the heart to beat at a normal rate. More than three million people in the United States are thought to have a conventional pacemaker and more than 300,000 are estimated to have an ICD.[1]

---

[1] Peter M. Schulman, MD, Perioperative management of patients with a pacemaker or implantable cardioverter-defibrillator 1 (2024). https://www.uptodate.com/contents/perioperative-management-of-patients-with-a-pacemaker-or-implantable-cardioverter-defibrillator

1

3. Apple designs, develops, and sells consumer electronics, computers, computer software, and online services. In the United States, Apple sells its products and services through its Apple.com website and, in addition to other authorized retailers, through its network of 273 retail Apple Stores operating in 45 states and territories.

4. On August 11, 2021, Plaintiff purchased an Apple Watch from the Apple.com website. At the same time, Plaintiff also purchased from Apple a service, support, and repair contract called "AppleCare+ for Apple Watch" ("AppleCare+"). Plaintiff agreed to pay for AppleCare+ via an automated monthly plan subscription and renewal; and he faithfully did so up through and including December 2023.

5. Following a series of malfunctions, on December 12, 2023, Plaintiff sought service and/or repair of his Apple Watch under AppleCare+.

6. After Plaintiff disclosed to Apple's employees and/or agents that he had an ICD implanted, Apple refused to service his Apple Watch and continues to do so, claiming that Plaintiff's ICD made him an "unintended user" of the Apple Watch and AppleCare+.

7. Apple has confirmed by subsequent letter to Plaintiff's counsel that its refusal to repair or service Plaintiff's Apple Watch under AppleCare+ was solely because Plaintiff has an ICD.

8. Plaintiff brings this action against Apple for breach of its AppleCare+ contract.

## II. JURISDICTION AND VENUE

9. This Court has jurisdiction over the subject matter presented by this Complaint under the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (2005), because it is a class action in which at least one member of the Class is a citizen of a State different from the Defendant, and the matter in controversy exceeds in the aggregate the sum of

$5,000,000.00, exclusive of interest and costs. Plaintiff alleges here that the total claims of individual Class members in this action exceed $5,000,000.00 in the aggregate, exclusive of interest and costs, as required by 28 U.S.C. §§ 1332(d)(2) and (6). Plaintiff is a citizen of New York, whereas Apple is a citizen of California for purposes of diversity. Therefore, diversity of citizenship exists under CAFA as required by 28 U.S.C. § 1332(d)(2)(A). Furthermore, the total number of members of the proposed Class is greater than 100, pursuant to 28 U.S.C. § 1332(d)(5)(B).

10. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c) and 144(a) because Plaintiff resides in this District, Defendant conducts and continues to conduct substantial and significant business in this District, including operating at least six Apple Stores, and a substantial portion of the conduct complained of herein occurred in this District.

### III. PARTIES

11. Plaintiff Varnes is a citizen of the State and City of New York who resides in the Borough of Queens.

12. Defendant Apple is a California corporation with its principal place of business in Cupertino, California.

### IV. BACKGROUND FACTS

**A. The Apple Watch**

13. The Apple Watch is a brand of "smartwatch" -- a wearable electronic device that has many of the same or similar functions and features as a smartphone. Numerous smartwatches incorporate a sensor to monitor cardiac activity. The Apple.com website describes the Apple Watch as "the ultimate device for a healthy life."

3



14. The Apple.com website specifically trumpets the Apple Watch's ability to alert users to [u]nusually high or low heart rates and irregular heart rhythms (known as arrythmias)."



15. Further, the Apple.com website touts a software application ("app") for the Apple Watch called the "ECG app," which, once installed, makes the Apple Watch "capable of generating an ECG similar to a single-lead electrocardiogram." Apple boasts that the ECG app is "a momentous achievement for a wearable device that can provide critical data to doctors and peace of mind for you."

4



B. **Plaintiff's Apple Watch Purchase**

16. On August 6, 2021, Plaintiff, then 31 years of age, suffered ventricular tachycardia (a type of cardiac arrythmia) that led to loss of consciousness and required emergency cardioversion. On August 11, 2021, Plaintiff was implanted with a Medtronic Aurora EV ICD to treat his arrythmia and prevent another cardiac event.

17. Following a diagnosis of non-ischemic cardiomyopathy and arrhythmogenic right ventricular dysplasia (ARVD,) and the implanting of his ICD, Plaintiff understandably wished to continuously monitor his cardiac activity. Plaintiff chose the Apple Watch for this purpose, ordering an Apple Watch Series 6 GPS + Cellular 44mm Gold from Apple.com from his hospital bed on the same day as his ICD implantation.

18. On information and belief, in purchasing an Apple Watch, Plaintiff joined thousands of other Americans with ICDs and pacemakers who, with Apple's encouragement, use the Apple Watch to monitor their cardiac activity.

**C. Plaintiff's Purchase of AppleCare+ for Apple Watch**

19. Apple Watches purchased in the United States are subject to a one-year limited warranty. In addition, Apple encourages Apple Watch purchasers to also purchase an optional service contract called AppleCare+ for Apple Watch ("AppleCare+"). AppleCare+ extends the warranty coverage on the Apple Watch and provides repair, service, and support for both the Apple Watch hardware and the installed software. Apple tells customers that AppleCare+ is "[s]ervice and support from the people who know your Apple Watch best."



20. Apple specifically refers to AppleCare+ as "coverage" and offers both fixed-term plans of two to three years for a single fee, currently ranging from $49 to $149, or monthly plans in which monthly payments are automatically deducted from or charged to customers' forms of payment. So long as the monthly payments are made, the coverage "automatically renews."

| Protect your Apple Watch | AppleCare+ You can buy coverage on a fixed-term plan or on a monthly plan that will automatically renew until cancelled. | | |
|---|---|---|---|
| | | Monthly | 2 yrs | 3 yrs |
| Apple Watch Ultra 2 | $4.99 | $99 | — |
| Apple Watch Series 9 | $3.99 | $79 | — |
| Apple Watch SE | $2.49 | $49 | — |
| Apple Watch Hermès | $4.99 | — | $149 |

21. Plaintiff purchased AppleCare+ from Apple.com at the same time as his Apple Watch purchase, utilizing the monthly plan option. Plaintiff continued to pay for AppleCare+ via the automated monthly plan subscription renewal, up through and including December 2023. The monthly fee for the plan was $4.34, including sales tax.

22. A copy of what is, upon information and belief, the latest version of the AppleCare+ contract is annexed hereto as Exhibit "A."

**D. Apple Refuses to Service Plaintiff's Apple Watch because of Plaintiff's ICD**

23. In late October 2023, Plaintiff began experiencing malfunctions with his Apple Watch, the display of the watch began randomly shutting off and the ECG app repeatedly failed. After multiple attempts to resolve these issues himself, on December 12, 2023, Plaintiff sought AppleCare+ service by telephone.

24. After several conversations with the service team, Plaintiff was informed by Apple's employees and/or agents that, because he had a defibrillator or pacemaker implanted, he was "an unintended user" and Apple would not repair or service his Apple Watch despite his purchase of, and continued payments for, AppleCare+ up through and including December 20, 2023.

25. Plaintiff was surprised to learn that his ICD purportedly made him "an unintended user," of his purchased Apple Watch and he sought intervention from more senior Apple Inc. employees and/or agents in telephone conversations with AppleCare+ and/or Apple Support.

26. Plaintiff's entreaties were unsuccessful, and Apple employees and/or agents refused to repair or service his watch despite acknowledging that he had a valid AppleCare+ contract.

27. In further conversations, one representative, "Jeffrey" at the "Agreements Team," volunteered a partial refund of the years of monthly payments Plaintiff had made for AppleCare+, and, on December 12, 2023, Plaintiff's method of payment received 11 separate refunds of $4.34, representing his AppleCare+ monthly payments to date for that year. At no time did Plaintiff agree that this refund would be in full satisfaction of his claims.

28. Plaintiff has received no further offers of compensation from Apple for his two prior years of payments for AppleCare+, despite Apple's admissions that it never intended to perform. Further, Plaintiff's Apple Watch has still not been repaired.

29. There is nothing in the AppleCare+ contract that suggests that AppleCare+ services are not available to Apple Watch customers with ICDs or defibrillators.

30. On January 18, 2024, Plaintiff, by counsel, served a pre-suit notice and demand letter on Apple, formally notifying Apple of the breach of its AppleCare+ contract and demanding that Apple perform and/or provide compensation.

31. On January 26, 2024, Apple responded to Plaintiff's demand, confirming that it would not perform under the AppleCare+ contract because of Plaintiff's ICD and pointing to language in the obscure Apple.com legal "instructions for use" subdomain of the Apple website which merely instructs "DO NOT use with a cardiac pacemaker, ICDs or other implanted

electronic devices." The language says nothing about Apple refusing to service an Apple Watch product under AppleCare+ merely because the Apple Watch user has a cardiac pacemaker or ICD.

## V.     CLASS ACTION ALLEGATIONS

32.   <u>Class Definition</u>: Plaintiff brings this action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, on behalf of himself and a Class defined as follows:

> All individuals with cardiac pacemakers or ICDs or other implanted electronic devices that purchased an Apple Watch within the United States and are or were covered by AppleCare+ (the "Class").

Excluded from the Class are Defendant, any entity in which Defendant has a controlling interest and Defendant's legal representatives, predecessors, succors, assigns, and employees. Also excluded from the Class is any judge, justice or judicial officer presiding over this matter and the members of their immediate families and judicial staff.

33.   <u>Numerosity</u>: The proposed Class is so numerous that individual joinder of all members is impracticable.

34.   <u>Common Questions of Law and Fact Predominate</u>:  There are many questions of law and fact common to Plaintiff and the Class, and those questions substantially predominate over any questions that may affect individual Class members. Some of the common legal and factual questions include:

   a. Whether Apple's conduct and policies constitutes a breach of its AppleCare+ contract;

   b. Whether the AppleCare+ contract disclaims coverage for users with cardiac pacemakers ICDs or other implanted electronic devices;

   c. The nature and extent of damages and other remedies to which the Class may be entitled.

35.   Apple engaged in a common course of conduct giving rise to the legal rights sought

9

to be enforced by the Class members. Similar or identical statutory and common law violations are involved. Individual questions, if any, do not predominate over the numerous common questions.

36. The injuries sustained by the Class members flow, in each instance, from a common nucleus of operative facts—Apple's failure to honor its contractual obligations to the Class and/or its sale of a service contract that it will not honor if a Class member requests service or repair of their Apple Watch.

37. Plaintiff's claims are typical of the claims of the other Class members. Plaintiff has an ICD and was denied service and/or repair of his Apple Watch by Apple due to his ICD.

38. Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff is familiar with the facts that form the bases of the Class members' claims. Plaintiff's interests do not conflict with the interests of the other Class members that he seeks to represent.

39. Plaintiff has retained counsel competent and experienced in Class action litigation and intends to prosecute this action vigorously. Plaintiff's counsel has successfully prosecuted Class actions against technology and consumer electronic products companies on numerous prior occasions.

40. The class action device is superior to other available means for the fair and efficient adjudication of the claims of Plaintiff and the Class members. The relief sought by each individual member of the Class is small given the burden and expense of individual prosecution of the potentially extensive litigation necessitated by the conduct of Defendant. Furthermore, it would be virtually impossible for the Class members to seek redress on an individual basis. Even if the Class members themselves could afford such individual litigation, the court system could not.

41. Individual litigation of the legal and factual issues raised by the conduct of

Defendant would increase delay and expense to all parties and to the court system. The Class action device presents far fewer management difficulties and provides the benefits of a single, uniform adjudication, economies of scale and comprehensive supervision by a single court. Given the similar nature of the Class members' claims and the absence of material differences in the common laws upon which the Class members' claims are based, a nationwide Class will be easily managed by the Court and the parties.

## VI. CAUSES OF ACTION

### COUNT I
### Breach of Contract

42. Plaintiff incorporates by reference the preceding paragraphs.

43. AppleCare+ was a contract in existence between Plaintiff and Apple.

44. Plaintiff fully performed his obligations under the contract.

45. Apple failed to perform its obligations under the contract by refusing to service and/or repair Plaintiff's Apple Watch.

46. Plaintiff was damaged thereby in that he did not receive a refund of all payments made to Apple for AppleCare+ and his Apple Watch has not been repaired.

### COUNT II
### Violation of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.*

47. Plaintiff incorporates by reference the preceding paragraphs.

48. Plaintiff is a "consumer" under 15 U.S.C. § 2301(3) and Apple is a "warrantor" under 15 U.S.C. § 2301(5).

49. AppleCare+ is a "service contract" under 15 U.S.C. § 2301(8).

50. Apple has failed to comply with its obligations under the Magnuson Moss Warranty Act and under its service contract with Plaintiff, and Plaintiff has been damaged thereby, all in violation of 15 U.S.C. § 2310(d)(1).

51. There is no informal dispute settlement procedure under the service contract which would delay the immediate commencement of this action pursuant to 15 U.S.C. § 2310(a)(3).

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the Class members request that the Court enter an order or judgment against Defendant including the following:

a. Certification of the action as a Class Action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, and appointment of Plaintiff as Class Representative and his counsel of record as Class Counsel;

b. Actual damages, statutory damages, and such other relief as provided by the statutes cited herein;

c. Pre-judgment and post-judgment interest;

d. Declaratory and injunctive relief compelling Apple to fulfil all of its contractual obligations to service and repair Apple Watches purchased by consumers with cardiac pacemakers, ICDs or other implanted electronic devices;

e. The costs of bringing this suit, including reasonable attorneys' fees; and

f. All other relief to which Plaintiff and members of the Class may be entitled at law or in equity.

## JURY DEMAND

Plaintiff hereby demands trial by jury on his own behalf and on behalf of Class members.

[Signature page follows]

Dated: February 8, 2024								Respectfully submitted,

*s/Darren T. Kaplan*

Darren T. Kaplan (DTK 8190)
KAPLAN GORE LLP
346 Westbury Ave. Suite 200
Carle Place, NY 11514
(212) 999-7370
dkaplan@kaplangore.com

*Attorneys for Plaintiff*